IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:21-cr-00001 |
| V. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MISEAL NEPONUCENO MANZANO | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

The indictment in this case includes a Notice of Forfeiture identifying approximately $11,143.00 in U.S. currency to be forfeited.  A notice was sent was sent to Christina Derrer as someone who may have an interest in the currency.  On November 2, 2021, Terry W. Derrer filed a petition on behalf of Christina Derrer.  (Dkt. No. 123.)  The government moves to dismiss the petition for lack of standing.  (Dkt. No. 141.)  The court will grant the government's motion and dismiss the petition.

I.  BACKGROUND

Defendant Miseal Neponuceno Manzona was charged in three counts of an eight-count indictment involving a conspiracy to distribute methamphetamine.  On August 19, 2021, Manzona pled guilty to conspiracy to distribute and to possess with the intent to distribute methamphetamine and possession with intent to distribute methamphetamine.  In Manzona's plea agreement, he also agreed to forfeit the $11,143.00 in U.S. currency identified in the indictment's Notice of Forfeiture.  On September 29, 2021, the court entered a Preliminary Order of Forfeiture for the $11,143.00.  (Dkt. No. 121.)

On October 7, 2021, the United States sent a Notice of Forfeiture to Christina Derrer as someone that may have an interest in the currency because, at the time of the seizure, she was in the hotel room from which the money was seized.  (Dkt. No. 123-4.)  Terry W. Derrer filed a

petition on behalf of Ms. Derrer on November 2, 2021.  Mr. Derrer includes a Virginia Small

Estate Act Affidavit which indicates that he is the successor to Ms. Derrer, who passed away on

July 7, 2021.  (Dkt. No. 123-1.)

## II.  ANALYSIS

### A.  Third-Party Petitions in Criminal Forfeiture Proceedings

When a third party files a petition claiming a superior interest in property subject to a

criminal forfeiture order, the petition commences an ancillary proceeding that incorporates

certain procedures prescribed by the Federal Rules of Civil Procedure, such as discovery and

motions to dismiss or to grant summary judgment.  *United States v. Mills*, 18 F.4th 573, 576 (8th

Cir. 2021); Fed. R. Crim. P. 32.2(c)(1); 21 U.S.C. § 853(n).  The third party must prove, by a

preponderance of the evidence, that he or she has an ownership interest in the property that is

superior to the government's forfeiture claim.  *Mills*, 18 F.4th at 573 (citing § 853(n)(6)).  "A §

853(n) ancillary proceeding is the only avenue by which a third-party claimant may seek to

assert an interest in property that has been included in an indictment alleging that the property is

subject to forfeiture."  *United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005).

### B.  Motion to Dismiss

A motion to dismiss a third-party petition for lack of standing in a forfeiture proceeding

is analyzed under the same standards as a motion to dismiss a civil complaint under Federal Rule

of Civil Procedure 12(b).  *United States v. Bailey*, 926 F. Supp. 2d 739, 753 (W.D.N.C. 2013)

(citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)).  Thus, to survive a motion to

dismiss, an ancillary petition "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The petition's factual

allegations must be taken as true and construed in favor of the petitioner. *See United States v. Salti*, 579 F.3d 656, 667 n.11 (6th Cir. 2009); Fed. R. Crim. P. 32.2(c)(1)(A) (stating that when considering a motion to dismiss a third-party petition for lack of standing in an ancillary proceeding, "the facts set forth in the petition are assumed to be true").

## C.  Standing

"To contest a government forfeiture action, a claimant must establish both Article III standing and statutory standing." *United States v. Wallis*, 454 F. Supp. 3d 589, 592 (E.D. Va. 2020). The government argues that Derrer's petition fails both requirements.

### 1.  Statutory standing

To demonstrate statutory standing, petitioners must meet the requirements codified in 853(n). The petition must (1) be signed by the petitioner under penalty of perjury; (2) set forth the nature and extent of the petitioner's right, title, or interest in the property; (3) set forth the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; (4) set forth any additional facts supporting the petitioner's claim; and (5) set forth the relief that is sought.  § 853(n)(3).

Derrer does not meet any of these requirements.  For example, Derrer did not sign his petition under penalty of perjury.  "Courts strictly construe the signature under penalty of perjury requirement as an important stop-gap to minimize the danger of false claims." *United States v. Sanders*, DOCKET NO. 3:18CR367-MOC, 2019 WL 4199805, at *1 (W.D.N.C. Sept. 4, 2019). The petition also does not assert any basis for a legal interest in the currency.  It only states that Derrer is filing a petition to the money.  "Conclusory allegations of ownership . . . [are] insufficient under § 853(n)(3)." *United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013). The court could go on but it is unnecessary.  Derrer does not have statutory standing.

## 2. Article III standing

"In order to establish Article III standing, a claimant must have a colorable ownership, possessory or security interest in at least a portion of the [seized] property." *United States v. Munson*, 477 F. App'x 57, 62–63 (4th Cir. 2012). In his plea agreement, Manzona admitted that the currency was his and that it was the proceeds of his crimes. Derrer failed to allege any facts that would undermine Manzona's admission or demonstrate a superior ownership interest to the United States. *United States v. Spencer*, Case No. 3:16-cr-073-3, 2019 WL 2270689, at *3 (S.D. Ohio May 28, 2019) (dismissing petition where petitioner failed to dispute fact stipulated in defendant's plea agreement that forfeited funds were drug proceeds). Mr. Derrer's status as heir is insufficient to confer an ownership interest. *See United States v. Antonelli*, 1998 WL 775055, at *1 (N.D.N.Y. Nov. 2, 1998) (defendant's minor children had no legal interest in the residence defendant used to commit his drug offense).

## III. CONCLUSION

For the above-stated reasons, the government' motion to dismiss the third-party petition (Dkt. No. 141) is GRANTED. The clerk of court is directed to send a copy of the memorandum opinion and order to all counsel of record and to the third-party petitioner, Terry Derrer.

Entered: January 10, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge